## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND *v.* BARRY IRWIN ROBINSON

[Misc. Docket (Subtitle BV) No. 28, September Term, 1978.]

*Decided June 9, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*David R. Cuttler, Assistant Bar Counsel,* for petitioner.

No appearance on behalf of the respondent.

PER CURIAM:

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for disciplinary action pursuant to Maryland Rule BV9 against Barry Irwin Robinson, alleging violations of the Disciplinary Rules of the Code of Professional Responsibility. The matter was referred to Judge John R. Hargrove of the Supreme Bench of Baltimore City to make findings of fact and conclusions of law pursuant to Maryland Rule BV10. After an evidentiary hearing, Judge Hargrove made the following findings of fact and conclusions of law:

## "FINDINGS OF FACT

"1. In or before December, 1976, the Respondent maintained an office for the practice of law at 1726 Reisterstown Road, Hilton Plaza, Baltimore, Maryland 21208. In December, 1976, the Respondent maintained approximately 1000 files for clients he represented. Sometime during the month of December, 1976, the Respondent stopped visiting his office and in fact stopped practicing law. At no time prior to December, 1976, or subsequent thereto did the Respondent advise his clients that he was no longer practicing law or advised them to seek employment of other counsel to conclude their cases, nor did the Respondent deliver to his clients any papers or property held by him to which they were entitled. In those cases in litigation in December, 1976, the Respondent did not comply with the Rules of Court for withdrawing from representation of those clients, nor did he comply with the applicable laws and rules governing the withdrawal from the practice of law. The Respondent did not refund any part of any fees paid in advance and not earned, to his clients. In effect, the Respondent simply abandoned his practice and disappeared.

"2. On March 26, 1976, the Respondent was a Vice President of Landmark Title Company and as such his duties were to advise the corporation on legal matters, represent the corporation in any dispute or litigation which arose and conduct real estate settlements for the corporation when requested to do so. In the course of the Respondent's representation of the aforementioned company, his signature was an approved signature for the withdrawal of funds from the said corporation's "settlement account", account no. 601-735-6 with the Equitable Trust Company of Baltimore, Maryland. On March 26, 1976, the Respondent

without permission of Landmark Title Company, Aljen Land Corporation, their agents, servants or employees, converted to his own use ten thousand dollars ($10,000.00) by check no. 10371 from the corporation's "settlement account". The check in question bore the signature of the Respondent as well as a request to transfer said sum to his personal account no. 77-1194-7 at the First National Bank of Maryland . . . . The said transfer of funds to the Respondent's personal account was never authorized by the Landmark Title Company or Aljen Land Corporation and the Respondent never repaid said funds or advised the corporation of the withdrawal or rendered an accounting of said funds to the corporation.

### *"CONCLUSIONS OF LAW*

"It is concluded that as a result of his action the Respondent did unethically and unprofessionally violate certain provisions of the Disciplinary Rules of the Code of Professional Responsibility as follows:

### (A)

### COMPLAINT OF BAR COUNSEL
### BC DOCKET NO. 78-346-3 (A)

Disciplinary Rule 1-102
'Misconduct.
(A) A lawyer shall not:
> (1) Violate a Disciplinary Rule.
> (6) Engage in any other conduct that adversely reflects on his fitness to practice law.'

Disciplinary Rule 2-110
'Withdrawal from Employment.
(A) In general.
> (2) In any event a lawyer shall not withdraw from employment until he has taken

reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

(3) A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned.'

Code of Professional Responsibility, Rule 1230, Appendix F, Maryland Rules of Procedure.

## (B)

### COMPLAINT OF BAR COUNSEL
### BC DOCKET NO. 77-346-3 (B)

Disciplinary Rule 1-102

'Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.'

Code of Professional Responsibility, Rule 1230, Appendix F, Maryland Rules of Procedure."

Robinson did not except to any of Judge Hargrove's findings. Bar Counsel has recommended that Robinson be disbarred.

After carefully considering the matter we accept the findings of Judge Hargrove and conclude, in the circumstances, that disbarment is the appropriate sanction. See *Bar Association v. Agnew,* 271 Md. 543, 553, 318 A.2d 811, 817 (1974) and *Bar Association v. Marshall,* 269 Md. 510, 519, 307 A.2d 677, 682 (1973).

Robinson will be required to pay the costs submitted by the Attorney Grievance Commission in the amount of $190.50.

*It is so ordered.*